## In Re ANNEXING TERRITORY TO SCHOOL DIST. NO. 28 IN YANKTON COUNTY.

### (209 N. W. 343.)

(File No. 5561.   Opinion filed June 19, 1926.)

1.  **Witnesses—Cross-Examination of Witness in Proceedings to Change School District Boundaries as to Number of Families Residing in Territory to Be Detached Held Not Proper in View of Direct Examination.**

    In proceedings to change boundaries of school districts, cross-examining witness as to number of families in territory to be detached from certain district held not proper, when direct examination was limited to identifying plat and testimony as to existence of creek and location of school.

·2.  **Appeal and Error—Sustaining Objection to Question on Cross-Examination Held Not Prejudicial, Where Other Witnesses Testified on Such Matters and They Were Not in Dispute.**

    Sustaining objection to cross-examination of witness in proceeding to change boundaries of school districts as to number of families residing in territory to be detached held not prejudicial, where testimony on such matters was given by other witnesses, and there was no dispute about them.

3.  **Witnesses—Question Whether People Had Talked to Witness About Making Two Districts Out of One School District Held Properly Excluded in Proceeding to Change School District Boundaries (Rev. Code 1919, §§ 7446, 7447).**

    In proceeding under Rev. Code 1919, § 7447, to change boundaries of school districts, question whether some people had talked to witness about making two districts out of one held properly excluded as immaterial, since creation of new districts is provided for by section 7446, requiring entirely different proceeding.

4.  **School and School Districts.**

    Trial court, having viewed land, has right, in proceedings to change school district boundaries, to consider difficulties of roads.

**5.  Schools and School Districts.**

> Evidence held sufficient to support finding that proceedings to change school district boundaries was for purpose of making one district large enough to support two schools.

**6.  Appeal and Error.**

> Question as to which there was no assignment of error, nor specification showing that it was raised in trial court, is not properly before Supreme Court.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Witnesses, Key-No. 269(2), 40 Cyc. 2501; **(2)** Appeal and Error, Key-No. 1048(6), 4 C. J. Sec. 2951; **(3)** Witnesses, Key-No. 272(2), 40 Cyc. 2493; **(4)** and **(5)** Schools and school districts, Key-No. 37(1), 35 Cyc. 838 (Anno); **(6)** Appeal and error, Key-Nos. 168, 719(1), 3 C. J. Sec. 1462, 1502.

Appeal from Circuit Court, Yankton County; Hon. R. B. Tripp, Judge.

Petition for annexing territory to school district No. 28, from districts Nos. 29, 62, 72, in Yankton county. opposed by certain resident electors of districts affected. Judgment changing the district boundaries, and certain resident electors appeal. Affirmed.

*H. A. Doyle,* of Yankton, and *Bogue & Bogue,* of Parker, for Appellants.

*French, Orvis & French,* of Yankton, for Respondents.

MORIARTY, C. The judgment appealed from changes the boundaries of certain common school districts in Yankton county. The relevant facts are as follows:

On August 10, 1922, a petition was filed in the office of the county auditor, asking that the boundaries of certain common school districts be changed in a manner set forth in said petition. The petition was addressed to the board of county commissioners, and the county superintendent of schools of Yankton county, S. D., and was signed by 59 electors residing within the districts affected. Before the petition was acted on, a remonstrance signed by 164 resident electors of the districts affected was filed with the auditor.

At the hearing on the petition, the county superintendent and all members of the board were present, and both the petitioners and the signers of the remonstrance were represented by attorneys. As a result of this hearing, the special board made an order granting the petition. From such order an appeal was taken to the

circuit court of the county. In that court the matter was tried de novo, and on April 26, 1923, the court made its findings of fact and conclusions of law, and entered judgment changing the district boundaries in accordance with the prayer of the petition.

The judgment recites that it was entered upon a trial de novo, and that the findings and conclusions were made from the evidence adduced, including an inspection of the land referred to in the evidence.

The changes made by the judgment detached some territory from districts 29, 62, and 72, and attached such territory to district 28. This change made district 28 considerably larger than either of the districts from which territory was detached, but the evidence showed that district 28 was cut by a creek with steep bluffs on either side, and that it was often impossible for pupils residing east of this creek to reach the schoolhouse, which was located west of the creek.

The findings of the trial court were to the effect that the proceeding was instituted largely for the purpose of making district 28 large enough to support two schools, one on the east side of the aforesaid creek and one on the west side. And, in its conclusions of law, the trial court states "that, in the judgment of the court, it is for the best interests of the patrons of the school that the boundaries of said school districts Nos. 28, 29, 62, and 72 be changed by detaching," etc., going on to describe the several changes in accordance with the petition.

Appellants' brief presents and argues eight assignments of error, but their contentions may all be classified under three distinct heads: First, alleged errors in rulings on admission of evidence; second, insufficiency of the evidence to support certain of the findings; third, the finding and judgment of the court to the effect that it is for the best interests of the school that the changes should be made is contrary to the preponderance of the evidence.

[1, 2] The alleged errors in rulings on evidence relate to the sustaining of objections to questions asked during the cross-examination of Mabel Holtan, the county superintendent of schools. On her direct examination this witness identified a plat of the school districts affected, and testified as to the creek and deep draw crossing district 28, and as to the location of the school, but did

not testify as to where any families in the district resided. On cross-examination she was asked how many families resided east of the creek in district 28, and how many families resided in the part being detached from district 29. These questions were objected to as not proper cross-examination, and the objection was sustained. The questions were not proper cross examination and the objection was properly sustained. In any event there could be no prejudice in the rulings, as other witnesses testified as to the matters mentioned in the questions and there was no dispute on those matters.

[3] The same witness was asked whether some of the people of this districts had talked to her about ultimately making two districts out of district 28, and error is alleged because an objection to this question was sustained. This inquiry was immaterial. What individuals might think as to the desirability of ultimately making two districts out of the territory had nothing to do with the proposition of changing boundaries.

The proceeding was begun under the provisions of section 7447 of the Revised Code, which section authorizes a procedure for changing the boundaries of common school districts, but specifically provides that "such change shall not operate to increase the number of districts." The creation of new districts by the division of the territory of existing districts is provided for by section 7446. R. C., and that section requires a proceeding entirely different from that provided by section 7447. The trial court was not called upon to determine the advisability of creating a new district, and no such question is presented upon this appeal. There was no error in excluding evidence as to what any one may have said about a division of the district.

Appellants assign as error the trial court's finding:

"And this proceeding was instituted largely for the purpose of making said school district No. 28, sufficiently large to support two schools, one on the east side of Clay creek and one on the west side thereof, in said district."

[4, 5] Appellants say that there is no evidence to sustain such finding. But appellants' brief shows that a Mr. Hoxeng, one of the patrons of the school in district 28, testified:

"We propose to run a joint district with one schoolhouse on each side of the creek. We do not propose to make two districts out of this district 28, but to run a joint district and have two school houses, one on each side of the creek"

And the plat introduced in evidence, with the evidence as to the location of Clay creek, shows that the proposed changes will give district 28 approximately the same extent of territory on each side of Clay creek, whereas before the changes made by the judgment there was not enough land east of the creek to support a school. The trial court, having viewed the land, had a right to take into consideration the difficulties of the roads.

There is ample evidence to support the findings and judgment in this case.

[6] Appellants' counsel argue at some length that the record does not show that the meeting of the county board, at which the order granting the petition was made, was a regular meeting of that board or an adjournment of such meeting. There is no assignment of error presenting such question, nor is there any specification showing that the question was raised in the trial court. Therefore the question is not before this court.

Finding no error in the record, the judgment and order appealed from are affirmed.